UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CONRAD WITBRODT,

        Petitioner,

                                            CASE NO. 2:09-CV-11046
v.                                         HONORABLE PAUL D. BORMAN

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS TO REMAND FOR AN**
**EVIDENTIARY HEARING AND FOR APPOINTMENT OF COUNSEL**

        This matter is before the Court on Petitioner's motions to remand for an evidentiary hearing and for appointment of counsel, which were filed contemporaneously with his petition for writ of habeas corpus. Respondent has recently been served with the petition and has not yet filed an answer to the petition or a reply to Petitioner's motions. The Court has reviewed Petitioner's motions and denies them for the reasons stated herein.

        Petitioner asks the Court to remand the case to the state courts and/or conduct an evidentiary hearing on his prosecutorial misconduct and ineffective assistance of counsel claims. Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

As noted, Respondent has not yet filed an answer to the petition or the relevant state court documents. Those materials are due on September 28, 2009. The Court will then have to review the case. Petitioner's request for a remand or an evidentiary hearing is therefore premature.

1

Petitioner also seeks appointment of counsel to assist him with his case. Petitioner, however, has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Neither discovery nor an evidentiary hearing are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motions to remand for an evidentiary hearing and for appointment of counsel. The Court will bear in mind Petitioner's requests if, following a review of the pleadings and state court record, the Court determines that an evidentiary hearing and/or appointment of counsel is necessary. Petitioner need not file additional motions concerning these matters.

**IT IS SO ORDERED**.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 31, 2009.

                                              S/Denise Goodine
                                              Case Manager