UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CONRAD WITBRODT, #272951,

        Petitioner,

                                                                         CASE NO. 2:09-CV-11046
v.                                                    HONORABLE PAUL D. BORMAN

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Richard Conrad Witbrodt ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), following a jury trial in the Bay County Circuit Court in 1998 and was sentenced to concurrent terms of 25 to 40 years imprisonment. In his habeas pleadings, Petitioner raises claims alleging prosecutorial misconduct, ineffective assistance of trial counsel, improper denial of request for time to investigate late-endorsed witnesses, cumulative error, and disproportionate/inaccurate sentence. This matter is before the Court on Respondent's motion to dismiss the petition as untimely.[1] For the reasons stated herein, the Court agrees with Respondent

---

[1]Petitioner challenges the propriety of the motion, contending that a dismissal under "Habeas Corpus Rule 4" is inappropriate once a responsive pleading has been ordered.

and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     Procedural History

Following sentencing, Petitioner, through counsel, filed an appeal of right with the Michigan Court of Appeals raising several claims of error. Petitioner also filed a *pro per* supplemental brief raising additional claims. The court affirmed Petitioner's convictions and sentences, but remanded the case to the trial court for the ministerial task of correcting the statutory reference on the judgment of sentence. *People v. Witbrodt*, No. 216730, 2001 WL 690636 (Mich. Ct. App. June 19, 2001) (per curiam unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Witbrodt*, 465 Mich. 958, 640 N.W.2d 878 (March 4, 2002).

On March 29, 2007, Petitioner, through counsel, filed a motion for relief from judgment with the state trial court raising several issues, which was denied. *People v. Witbrodt*, Nos. 98-1264-FH, 98-1265-FH (Bay Co. Cir. Ct. March 30, 2007). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Witbrodt*, No. 279144 (Mich. Ct. App. Jan. 11, 2008) (unpublished). Petitioner also filed an application for leave to appeal with the

---

However, Rule 4 requires that the court undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. The rule provides for summary dismissal by the court before service upon the respondent. The statute of limitations is an affirmative defense which can be raised by the respondent in a motion or answer to the petition. Petitioner's claim to the contrary lacks merit.

Michigan Supreme Court, which was similarly denied. *People v. Witbrodt*, 482 Mich. 971, 755 N.W.2d 185 (Sept. 9, 2008).

Petitioner dated his federal habeas petition on March 17, 2009. Respondent filed the instant motion on September 23, 2009, asserting that the petition should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion contending that his petition is timely and/or that he is entitled to equitable tolling of the one-year period.

**III.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented

>could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on March 4, 2002. Petitioner then had 90 days in which to file a petition for writ of certiorari with the United States Supreme Court. *See* Rule 31(1), Supreme Court Rules. He did not do so. With regard to the statute of limitations, therefore, his convictions became final on June 3, 2002. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari with the United States Supreme Court). Accordingly, Petitioner was required to file his federal habeas petition on or before June 3, 2003, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until March 29, 2007. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction review. A state court post-conviction motion which is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's 2007-08 state court proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has not established that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect. Petitioner asserts that the State created "an impediment" to the timely filing of his habeas petition because there is no time limit on the filing of a motion for relief from judgment in the Michigan courts. The fact that the State has chosen not to place time limits on such motions, however, is irrelevant to the federal statute of limitations. The State did not prevent Petitioner from filing his motion for relief from judgment in the state trial court on an earlier date, nor did it preclude him from timely seeking federal habeas review. The language of the federal statute is clear regarding the calculation of the one-year limitations period and what actions may serve to toll that period. The State did not create an impediment to the filing of the petition in this case. Petitioner's habeas action is untimely under 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-*

5

*Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth sufficient circumstances which caused him to institute his federal habeas action several years after the expiration of the one-year limitations period. Petitioner seems to assert that his delay in seeking state post-conviction review (and consequently habeas relief) was due to his lack of knowledge about his remedies, the fact that he had difficulty obtaining legal counsel and was not represented by counsel until February, 2004, and that it took time to research trial records and documents to develop his claims. However, the fact that Petitioner is untrained in the law, was proceeding without a lawyer for a period of time, or may have been unaware of the statute of limitations for a certain period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). It is well-settled that there is no constitutional right to an attorney in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Lawrence, supra*, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.").

Petitioner has also not shown diligence in seeking habeas relief given that he filed his state court motion for relief from judgment nearly five years after the completion of his direct appeals. Petitioner has not provided sufficient explanation as to why it took him so long to research his case and pursue his state post-conviction remedies and/or seek federal habeas review. While Petitioner's conduct may have not been intentionally dilatory, it was not diligent. Lastly, the Court notes that the absence of prejudice to the respondent is a factor to be considered "only after a factor that might

justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). No such factor has been identified. Petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period. His petition must therefore be dismissed.

## IV.    Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he is not entitled to tolling of the one-year period, and the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability

must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

    **IT IS SO ORDERED**.

                                                          S/Paul D. Borman
                                                          PAUL D. BORMAN
                                                          UNITED STATES DISTRICT JUDGE

Dated: January 20, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 20, 2010.

S/Denise Goodine
Case Manager